E-filed 10/31/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MILTON P. TAORMINO, et al.,<br><br>　　　　Defendants. | Case No.16-cv-01491-HRL<br><br>**ORDER DENYING STIPULATION TO SET ASIDE CLERK'S ENTRY OF DEFAULT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 26 |

　　　　The clerk entered the default of defendant Joyplace QSR, Inc. ("Joyplace"), one of three defendants in this denial of access action under the Americans with Disabilities Act (ADA), in mid-May 2016. On October 18, plaintiff Scott Johnson ("Johnson") and Joyplace filed what they titled on the electronic docket a "Stipulation With Proposed Order to Set Aside Clerk's Entry of Default." Dkt. No. 26. The document filed, however, contains only an "Order on Stipulation." *Id.* This order states: "Plaintiff SCOTT JOHNSON and Defendant JOYPLACE QSR, INC., by and through their attorneys of record, having been considered, the Clerk's Entry of Default against JOYPLACE QSR, INC., is hereby set aside." It is signed by the attorneys for both Johnson and Joyplace. *Id.*

　　　　The Federal Rules of Civil Procedure require a showing of good cause for the court to set aside an entry of default. Fed. R. Civ. P. 56(c) ("The court may set aside an entry of default for good cause"); *Curry v. Jensen*, 523 F.3d 387 (9th Cir. 1975) ("Absent an abuse of discretion, there is no error in setting aside a default where the judge finds good cause to do so."). Rule 77-2 of the Northern District's Civil Local Rules also permits the clerk to "sign and enter" certain orders "without further direction of a Judge." These orders include "[o]rders on consent . . . setting aside a default."

　　　　Here, the parties did not provide a showing of good cause. Nor is the court persuaded that

1  the draft order sufficiently demonstrates the consent of both parties in a manner that merits action
2  by the clerk.  Absent a stipulation, and in light of the confusing sentence from the proposed order
3  quoted above, the only indication of the plaintiff's consent is the signature of its attorney.  The
4  court believes the Civil Local Rules require more.

      The stipulation and proposed order to set aside the default is denied without prejudice.

**IT IS SO ORDERED.**

Dated: 10/31/2016

_____
HOWARD R. LLOYD
United States Magistrate Judge